**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 09-7300**

———————————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

JEREMY MOUZON, a/k/a Ferris Earl Scott Green,

             Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, District Judge.  (2:03-cr-00896-PMD-1; 2:07-cv-70041-PMD)

———————————

Submitted:  November 19, 2009      Decided:  December 3, 2009

———————————

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Jeremy Mouzon, Appellant Pro Se.  Alston Calhoun Badger, Jr., Assistant United States Attorney, Charleston, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeremy Mouzon seeks to appeal the district court's orders denying (1) his Fed. R. Civ. P. 60(b) motion for reconsideration of the district court's prior denial of relief on his 28 U.S.C.A. § 2255 (West Supp. 2009) motion and (2) his motion to alter or amend. The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).

We have independently reviewed the record and conclude that Mouzon has not made the requisite showing. The district court lacked jurisdiction to deny Mouzon's Rule 60(b) motion on the merits because the claim he raises challenges the validity of his sentence and thus should have been construed as a successive § 2255 motion. See Gonzalez v. Crosby, 545 U.S. 524,

2

531-32 (2005) (explaining how to differentiate a true Rule 60(b) motion from an unauthorized second or successive habeas corpus petition); United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) (same). In the absence of pre-filing authorization from this court, the district court lacked jurisdiction to hear a successive § 2255 motion. See 28 U.S.C. § 2244(b)(3).

Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED